excuse me may it please the court counsel my name is Jim McGow I'm the CJA lawyer here on behalf of Anthony Miller out of the Southern District of Iowa the issue really in this case is whether a fictitious crosswalk exists to justify the probable cause for the vehicle pullover statute at issue names a number of times or situations in which somebody needs to stop when there's a when there's a stop sign whether it's before a clearly marked line that doesn't apply here whether it's before a marked crosswalk which doesn't apply here or before the person comes into the intersection which does apply here the officer testified at the suppression hearing that there was no marked line so we know that part of the statute doesn't apply there's no crosswalk so that part of the statute doesn't apply and that the vehicle did not stop into the properly stopped before the intersection but the officer pulled it over believing that it was a violation of the law if he stopped past the stop sign exhibits number two and three really there was only three exhibits in this case one was the video from the officers patrol vehicle two and three were the pictures of the intersection let me ask you the one the one fact and I wasn't sure of what happened in the brief pretty carefully explain the prolongation issue but I wasn't clear whether there was a sidewalk on the east side considering continuing along 16th Street or whether the only sidewalk on the east side was the perpendicular sidewalk that heading to the park as I understand done on the west side there was a sidewalk coming along 16th and an extension to the to the street yes and it in intersecting a an 11th Street sidewalk heading toward the park right and there was there was no whatever there was on the east side there was no little extension from the sidewalk going to the park over to the question was there a sidewalk then continuing to the left if you're going yes toward the park the answer is yes your honor all right so the only thing missing in the sidewalk configuration was the stub from the the 11th Street sidewalk over to 11th Street I think that's correct if I understand your question your honor he's traveling on 11th Street headed north 16th Street is the east-west street that's crossing so the question is where he stops on 11th Street is that is he into a fictitious crosswalk or not at that point on his right on his face there is a stub yes heading to the street from the 11th Street sidewalk a continuation of the 16th Street sidewalk that's 16th would go across the sidewalk would go across 16th Street and then there is a section that ends at 11th Street that would presumably go across 11th Street what the district court was prolonging yes but it does it was no stub to hiccup to and my question was yes but was there a continuation sidewalk continuing on 16th Street on 16th Street going north and south since I haven't ever been there my directions are a little mixed well he's headed north yeah he's headed north so content continuing west on 16th Street past 11th is there a sidewalk no there is a sidewalk that goes north and south so parallel to the to 11th Street to work and that continues on the 16th Street you can see that on the video of exhibit number one but there's nothing that goes that would link up to the west side sidewalk cutting across sidewalk on the West is coming along 16th Street from whatever was was east of there's a sidewalk on the right yes right a sidewalk on the right that goes north and south I'm asking is there a sidewalk forget I understand there's no stub to the street yes but is there a continuation of a 16th Street sidewalk going further west no if I understand your I would say no if I understand you correctly judge no photo the exhibits to an exhibit three just well actually exhibit two this is facing this is facing West so exhibit two shows us here in the top left-hand corner this is the stop sign here this is the north and south 11th Street where the defendant stops there's a sidewalk here so this would be on the west side and then here on the on the east side the sidewalk is only going north and south so the photo doesn't show what the area I'm asking about it doesn't it doesn't the video does exhibit number one the video does because the officer follows and you can see the full intersection on exhibit number one I think 22 second 22 seconds to 27 seconds is the time that the defendant is making that turn and the officer follows him through that turn so I think if you focus on that section of the video you'll see that and I would I would agree that there is a north and south on both sides east and west side of 11th Street north and south there's a sidewalk that ends both at the south side and on the north side of 16th Street but we disagree that there's any sidewalk continuation that runs east and west across 11th Street to me the district court is clearly right if there is that continuation it's a it's a more interesting prolongation question if there's not yet and I'm amazed it doesn't clarify it in the brief and that was the question when you that I think we're really asking let's say that imagine for a moment that the crosswalk was marked exactly where the government argument argues that the fictitious crosswalk is we know that I think it's to the right there is a sidewalk yes we know that there's nothing to the left yeah there's it to the left okay yes all right so it goes to the left and then I get to the point where there's nothing that carries it on kind of into the regular curb cut you know like in the ADA they'd have all the little ramps right then if you cross the street or the other side is there clearly is no no kind of ramp or connection because that's what you're arguing the question is is there a sidewalk that continues off in that direction right and if the answer is is yes well then all we're missing is that little stub that judge Loken is talking about if there is no sidewalk then I've got this question I know under North Dakota law that wherever there's a roadway there's an easement granted for foot traffic parallel to the roadway does Iowa have such a law I don't believe so okay I don't believe so and and it's possible that I'm misunderstanding the court's question because the the government argues that he stopped into the intersection that would run east and where he stops and not only is there not a cutout on the right-hand side that would continue it the sidewalk on the left-hand side that sidewalk runs parallel to the vehicle and the one on the left-hand side runs perpendicular to the vehicle okay so not only is there not a continuation of those two sidewalks but if an individual is going to walk from the right-hand side where the vehicle is across 11th Street to the left-hand side where where there is a sidewalk the person's gonna have to walk across a grass median the grass median there step off of a curb there's no cut out there where it should link up so clearly that is not the situation north and south but that is the situation east and west where the vehicle stops so since everybody's presumed to know the law then the question is for a reasonable motorist what is the law the law is if it's if there's a line stop behind the line if there's a crosswalk stop behind the crosswalk if those two don't exist stop before you get into the intersection and there's no question in the record the officer testified he stopped before he went into the intersection and the unpublished case of the state relies upon and saying well there's this Missouri case out there the gray case where it's a similar issue that issue that case is different because in that case the person stopped four feet into the intersection that doesn't apply here so really the question is is there and when you look at that that language when the crosswalk is defined okay and it says the prolongation or the continuation of or connection of quote lateral lines plural there are no lateral lines on both sides there's a there is not a lateral line on the right hand side so it doesn't talk about any perpendicular sidewalks it talks about clearly lateral lines of sidewalk or any portion distinctly indicated for pedestrian crossing no evidence that there's any anything here for pedestrian crossing and no indication that there's quote lateral lines I'd like to reserve the rest of the time if I have any left for rebuttal. Thank you. Thank you. Ms. Sudman. May it please the court. Mr. McGill. My name is Shelly Sudman, assistant United States attorney with the Southern District of Iowa representing the United States of America. In this case the district court ruled that the officer did not violate the Fourth Amendment rights of the appellant who was the passenger of a vehicle that was stopped for a traffic violation. Let's get right to work. Okay. I infer from your failure of your brief to clarify the point that there isn't a continuation of the what you are asking of Mr. McGill is is there's a sidewalk along 16th Street on the west side where the sidewalk it abuts up to the intersection there is no sidewalk that's on the east side of the intersection beyond beyond 11th Street beyond 11th Street going talks about all this is a residential neighborhood implying that there are sidewalks everywhere but now you're telling us there is that is no sidewalk to be prolonged there is no sidewalk that proceeds along 16th Street but there is a sidewalk that proceeds along 11th Street and that is a residential neighborhood doesn't make an H that's not the purpose of a crosswalk across the purpose of the crosswalk though is for pedestrian traffic and if there's a there is a sidewalk on the west side of the street one thing physical at this intersection that would suggest to pedestrians that they're encouraged to to cross 11th Street there well if you were on that on the 16th Street and your house is on the east side of 11th Street signal one one way in which the highway department has told the public this is a place to cross 11th Street the place to cross 11th Street is because on the left side there there is that portion of the sidewalk that abuts up to the intersection which gives a pedestrian the belief that they can walk across that section of the street to get to are you shifting back to the west side right because if you the only thing there is sidewalk into the park they don't need to cross to get to that one because they've got the same sidewalk on the well if they want to the street have a sidewalk into the park for the park lovers nobody has to cross 11th Street right but this is a very large park there's a softball field there's swings and well pedestrians should have the opportunity to cross well because at that point on the west side of 11th Street there is indication that a pedestrian would be able to travel across that street just because there's a section of right-of-way that's grass instead of a cutout doesn't mean that a pedestrian cannot cross at that intersection well I would your honor I would risk in the middle of streets all the time well and you probably could get a ticket for that but if you look at I in this one because it's not a crosswalk had the officer been so inclined well if you look at 321.1 16 which describes crosswalks if you look at what it says it says the portion of the roadway ordinarily including ordinarily is a keyword within the prolongation or the connection of the lateral lines when we're interpreting these code sections words are important it doesn't say and it doesn't say prolongation and connection it says prolongation or connection of the lateral lines of the sidewalk at the intersection and the district court based on that language in pro of prolongation or connection found that a sidewalk could be prolongated across that intersection like as I read the district court's analysis to be based on prolongation which would create not in the in the I would disagree with the fictitious it's unmarked and if you look at that same code section 321.1 16 it crosswalks can be marked or unmarked and then it goes on to talk about this prolongation across the intersection to where the southern side of that sidewalk intersected with the stop sign and if that the court found that to be the case and base then found that the driver of this vehicle stopped past the crosswalk and was in violation of 320 Iowa code section 321.3 22 which at the first of at the first opportunity must stop at prior to entering a crosswalk if there is a marked or unmarked crosswalk but even if the court rules that that the driver didn't actually violate this law the the I would refer you then to the second grounds that the judge upheld this the district court upheld this traffic such which which is that a mistake of the officer doesn't necessarily violate the Fourth Amendment okay I need you to cite me a case where this is objectively reasonable alternative ground has been has been applied to a stop that was clearly pretextual in other words a case that extends Ren that far the government would disagree that this is a pretextual stop but there's no finding as to that well I think it's pretty clear what would have been the finding regardless if there is a objective there if there is a traffic violation that would apply you're saying it doesn't matter now this alternative argument it doesn't matter that there was a violation if and that's that's not Ren that's not now you're into a an area of pretextual stops where I don't think the law has gone yet this was a uniform officer the government would disagree it's a pretextual stop but based on United States versus Martin it's could an objective reasonable officer form reasonable suspicion based on the same facts and circumstances that this officer had and this officer was in a residential neighborhood following a vehicle that was traveling north on 11th when he approached the stop sign correct but the government disagrees that this was a pretextual stop reasonable analysis in in lieu of because the finding couldn't be made of an actual violation save the day for the government even though without an inquiry as to whether the stop was pretextual and therefore an actual violation should be required no but there are several cases that were cited in in both of our briefs that talk about for minor traffic violations the issue is was it objection or objectionably reasonable this regardless of whether the actual violation occurred United States versus Martin was a brake light United States was gray was the stop sign United States versus Sanders was a red lens on a taillight and United States versus Walker was a windshield one of the things that that has that struck me and maybe I just misunderstood the briefing when I was reading it it strikes me that originally this officer says didn't stop at the stop sign right is that true that is correct okay now if the officer had just stuck to that didn't stop at the stop sign and I think that's a violation of Iowa law and it turns out he's just uninformed that that's not a violation of Iowa law but he just believed that reasonably and said well geez I thought that was the law you know and so I made the stop and by the way he then turned without using his turn signal which is another violation of Iowa law but it can't be primarily enforced now I've got a mistaken belief that here's been a violation so I do with the secondary enforcement there's like no problem here at all the problem becomes when the officer comes up with alternative reality number two that says fictitious crosswalk right no no why not because because it strikes me that this crosswalk thing becomes really complicated because there's no continuation of any sidewalk I was told there is no pedestrian right-of-way that exists under Iowa law and so all of a sudden you know really under the law what's likely to happen if you're on the other side of the street is you got to cross to the parkside cross again cross back right now it may be inconvenient but that may be where the established crosswalks are well the government the government would disagree because there is that set that that little section that would indicate a pedestrian can cross that street from the west side to the east side of the street and from the officers vantage point when he saw this violation so if you look at what the section it says probably although that the officer comes up with opinion too but from his that I mean from a legal standpoint I get it but just from a just like the factual universe that we're living in I mean what's the point of saying I've made my stop for reason a and then all of a sudden changing it to be reason B and pointing to a statute rather than can anybody ever admit they just made a real genuine mistake but the off but by the driver stopping past the in this crosswalk based on his vantage point of where the sidewalk was did the officer initially say that didn't officer initially say he stopped in front of the stop sign and never actually said he was into the roadway and of course the other side says he was never in the roadway correct the crop yes he does say bass pass the stop sign but when you evaluate the code section of 321 point 322 and then what crosswalk means it does show that the driver is in the crosswalk which is past the stop sign which is why the officer said that he stopped him in the first place and basically the district court found the officer credible and found that the the officer was had an objective reason to stop him based on that code section violation I'm out of time thank you mr. yeah give you I'll give you a minute for rebuttal if you thank you so in answer to the government's point if the government's right in this case that you can just draw a crosswalk if there's no indication that the two sidewalks are superfluous because since the statute sets forth here for places that you're supposed to stop if the previous one two or three don't exist if the government can just come in any time and just draw a fictitious crosswalk and say well since there was on one side even though there was it wasn't a continuation on the other side then that creates a crosswalk then the rest of the statute means nothing and it's kind of silly then for the rest of statute even exist if you can always create this fake crosswalk on the that that secondary reason that's true that's true I can't account for the stub on the on the west side it's strange that it doesn't hook up on the other side it's there but you got to step across grass guess step across median on that secondary issue on the on the turn signal I think the officer at page 27 clearly says hey I'm not saying he didn't use his turn signal for a hundred feet so that really shouldn't be a reason at all that saves any of this thank you thank you counsel interesting issue it's been well argued we'll take it under advisement